**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SHAUN WILLIAMS**

    **Plaintiff,**

v.                                      **CASE NO.**

**JDM EXPEDITE, INC.** and
**ALEKSANDAR KRAGOVIC,** an
individual,

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SHAUN WILLIAMS, by and through undersigned counsel, brings this action against Defendants, JDM EXPEDITE, INC. ("Corporate Defendant") and ALEKSANDAR KRAGOVIC, ("Defendant Kragovic"), (collectively as "Defendants"), and in support states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 etseq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 etseq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Sarasota County, Florida, which lies within the Middle District.

## PARTIES

4. Plaintiff is a resident of Sarasota County, Florida.

5. Corporate Defendant operates a trucking company in Alsip, in Cook County, Illinois. Defendant Kragovic is the president and CEO of Corporate Defendant.

6. Defendant Kragovic is an individual owner and the president and CEO of Corporate Defendant and exercises significant day-to-day control over Corporate Defendant including, with respect to personnel decisions, management of employee compensation, and daily business operations.

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

12. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendants continue to be an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendants were and continue to be an enterprise "engaged in commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

16. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

18. At all times relevant to this action, Plaintiff was hired as a company driver hauling cargo in interstate commerce.

## FACTS

19. Plaintiff began working for Defendants as a company driver in March 2019, and he worked in this capacity until May 2019.

20. At all times material hereto, Plaintiff worked hours at the direction of Defendants, and he was not paid the applicable minimum wage for all of the hours that he worked.

21. Defendants failed to pay Plaintiff his statutory minimum wage for all of his hours, in violation of the FLSA.

22. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## **COUNT I – FLSA MINIMUM WAGE VIOLATION**

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. During the statutory period, Plaintiff worked for Defendants and was not paid a minimum wage for the hours he worked, as mandated by the FLSA.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting this claim; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated this 3rd day of September, 2019.

        Respectfully submitted,

        /s/ Brandon J. Hill
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        **WENZEL FENTON CABASSA, P.A.**
        1110 North Florida Ave., Suite 300
        Tampa, Florida 33602
        Direct: 813-337-7992
        Main: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: jcornell@wfclaw.com
        Email: rcooke@wfclaw.com
        **Attorney for Plaintiffs**